NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOT MUSSI; STEVEN GAYNOR, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ADRIAN FONTES, in his official capacity as Arizona Secretary of State, <br><br> Defendant - Appellee. | No. 25-1427 <br><br> D.C. No. 2:24-cv-01310-DWL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted March 2, 2026
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Plaintiffs Scot Mussi and Steven Gaynor are registered voters in the State of

Arizona. Plaintiffs bring claims against the Arizona Secretary of State under the

National Voter Registration Act, 52 U.S.C. § 20510(b). They allege that the

Secretary of State has failed to conduct the voter roll maintenance required by that

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

statute, *id.* § 20507, and they seek injunctive relief compelling him to "develop and implement additional . . . registration list-maintenance programs" to "ensure that ineligible registrants are not on the voter rolls." The district court dismissed the complaint for lack of Article III standing. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the district court's order dismissing the complaint. *Tohono O'odham Nation v. Department of the Interior*, 138 F.4th 1189, 1199 (9th Cir. 2025). "All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* (citation omitted).

1. Plaintiffs do not adequately allege Article III standing based on a risk of vote dilution. At the pleading stage, a plaintiff must allege facts demonstrating "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted). A threatened injury "must be certainly impending to constitute injury in fact." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

Plaintiffs allege that inadequate voter roll maintenance offers ineligible voters "an opportunity to vote in Arizona elections, risking the dilution of

Plaintiffs' legitimate votes." As the district court observed, however, plaintiffs' feared injury would occur only after (1) "an ineligible voter requests an early ballot or presents at a polling place," (2) that person "casts a ballot," and (3) "that ineligible ballot is tabulated." If voting in person, the voter would also have to present proof of identity that "reasonably appear[s] to be the same as the name and address in the precinct register." Ariz. Rev. Stat. Ann. § 16-579(A)(1) (2026).

Although plaintiffs allege that "known cases of voter fraud" have occurred in Arizona, they do not allege that any of those cases were the result of inadequate list maintenance or that they affected the plaintiffs. Instead, they argue that they have alleged a "substantial risk" of harm because ineligible voters listed on the rolls might vote in the future. *See Department of Commerce v. New York*, 588 U.S. 752, 767 (2019) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). But plaintiffs cannot establish a "substantial risk" based on an "attenuated chain of inferences." *Clapper*, 568 U.S. at 414 n.5. Their injury is entirely hypothetical: Plaintiffs claim that including ineligible voters on the rolls "heightens the risk" of ineligible ballots being cast and counted by offering ineligible voters "an opportunity" to vote, "risking the dilution" of plaintiffs' ballots. Such "conjectural allegations of potential injuries" and "chain[s] of hypothetical contingencies" are insufficient to plead an actual or imminent injury. *Lake v.*

*Fontes*, 83 F.4th 1199, 1204 (9th Cir. 2023) (per curiam) (quoting *Lake v. Hobbs*, 623 F. Supp. 3d 1015, 1028, 1032 (D. Ariz. 2022)).

2. Plaintiffs do not adequately allege an injury based on their loss of confidence in the integrity of Arizona elections. Plaintiffs may not "manufacture standing merely . . . based on their fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416. As explained above, the harm plaintiffs fear is speculative and therefore insufficient to establish an injury in fact. *See Lake*, 83 F.4th at 1201.

3. Plaintiffs do not adequately allege an injury based on a diversion of resources. A plaintiff who "has not suffered a concrete injury caused by a defendant's action cannot spend [his] way into standing simply by expending money to gather information and advocate against the defendant's action." *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367, 394 (2024); *see also Clapper*, 568 U.S. at 416 (rejecting standing where plaintiffs "inflict[ed] harm on themselves" by "incurr[ing] certain costs" in response to defendant's actions). Plaintiffs allege that the Secretary's inadequate list maintenance has caused them to spend "more time and resources monitoring Arizona's elections for fraud and abuse," which "would otherwise be spent on other projects and activities that would advance their goals." But they do not explain what those other projects and activities might be or how their resources have been diverted. Absent such allegations, plaintiffs allege only a

setback to their "abstract social interests," which is insufficient to confer standing. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982).

**AFFIRMED.**